Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS WALKER,
    Petitioner,

vs.                                    Case No.: 3:06cv566/LAC/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**ORDER**

       This matter is before the court on Petitioner's Petition for writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1, attach. 1); Affidavit of Indigency (*id.*, attach. 5), which this court construes as a motion to proceed in forma pauperis; Motion for Appointment of Counsel (*id.*, attach. 8); Motion to Supplement Motion for Appointment of Counsel (*id.*, attach. 10), which shall be granted to the extent that the court will consider Petitioner's motion to supplement in ruling on his motion for appointment of counsel; and Respondent's Motion for Extension (*id.*, attach. 9).

       Initially, it is noted that this case was transferred to this District from the Middle District of Florida (*see id.*, attachs. 11, 12). Prior to the transfer, this action was construed as a habeas corpus action and leave to proceed in forma pauperis was granted (*id.*, attach. 6). Moreover, Respondent was directed to respond to the habeas petition (*id.*, attach. 6). However, a review of the petition by the undersigned shows that this case is in the nature of a civil rights action, therefore, it should be docketed as such.

       Petitioner claims that he is being subjected to unconstitutional conditions of confinement (*see id.*, attachs. 1 at 1A, 5 at 1). Specifically, he alleges violations of his First, Eighth, and Fourteenth Amendment rights (*see id.*, attach. 1 at 1C). This does not state a habeas corpus cause of action; rather, it asserts a civil rights cause of action under 42 U.S.C. § 1983, because it

Dockets.Justia.com

challenges the conditions of Petitioner's confinement and not the fact or duration of his confinement. *See* McKinnis v. Moseley, 693 F.2d 1054, 1057 (11th Cir. 1982); Boyce v. Ashcroft, 251 F.3d 911, 914-15 (10th Cir. 2001). Even if Petitioner were to prevail in his argument that he has been subjected to unconstitutional conditions of confinement, he would not be entitled to release from detention. Instead, the appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment. *See* Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (relief for Eighth Amendment violation does not include release from confinement). Thus, the clerk shall be directed to docket this case as a civil rights action, rather than a habeas action.

Additionally, Petitioner shall be required to refile his complaint on the form for use by prisoners in § 1983 cases. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a civil action commenced by a pro se litigant under § 1983 unless the appropriate complaint form has been properly completed, signed, and filed by the litigant. Thus, Petitioner must file his complaint on the form for use in § 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint. Petitioner is advised that the civil rights complaint must contain all of his allegations, and it should not in any way refer to the original petition. Once an amended complaint is filed, all earlier complaints are disregarded. *See* Fla. N.D. Loc. R. 15.1.

In light of this court's conclusion, Respondent shall <u>not</u> be required to respond to the petition as previously directed (*see* Doc. 1, attach. 6) and shall not be required to file any response unless and until directed to do so at a later date by separate order of this court.

Regarding Petitioner's motion for the appointment of counsel, Petitioner is advised that the appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). This rule extends to post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987). As the court at this time does not view the case as exceptionally complex, Petitioner's motion will be denied. Appointment of counsel will be considered at a later time should the need for counsel become evident.

Case No.: 3:06cv566/LAC/EMT

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Petitioner a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Petitioner shall file a civil rights complaint, which shall be typed or clearly written and submitted on the court form. In the alternative, Petitioner shall file a notice of voluntary dismissal within the same time period.

3. The order of the Middle District of Florida granting Petitioner leave to proceed in forma pauperis and directing Respondent to respond to the habeas petition (Doc. 1, attach. 6) is **VACATED**.

4. Petitioner's Affidavit of Indigency (Doc. 1, attach. 5), construed as a motion to proceed in forma pauperis, is **GRANTED** to the extent that the case may proceed without prepayment of the entire filing fee.

5. The clerk of court shall indicate on the docket that the nature of this action is civil rights, not habeas corpus, and the parties shall hereafter be referred to as "Plaintiff" and "Defendant."

6. Because Plaintiff has no funds accrued in his prison trust fund account, the clerk of court shall not assess Plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A). However, the total filing fee in this case remains $350.00.

7. As funds become available in Plaintiff's prison account, he shall be required to make monthly payments of twenty percent (20%) of the preceding month's income (that is, all funds deposited into the account) in each case he has filed in this court.[1] Upon receipt of this order by the agency having custody of Plaintiff, the agency shall forward payments from Plaintiff's inmate account on a monthly basis to the clerk of court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full in each case. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." Personal checks directly from prisoners will not be accepted. The following information shall either be included on the face of the check or money order or attached thereto:

---

[1] Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

Case No. 3:05cv566/LAC/EMT

    (1)    the full name of the prisoner;
    (2)    the prisoner's inmate number; and
    (3)    Northern District of Florida Case Number 3:06cv566/LAC/EMT.

Checks or money orders which do not have this information will be returned to the penal institution or to Plaintiff.

8. The clerk of court shall MAIL a copy of this order, with the appropriate cover letter to: Department of Corrections, 2601 Blairstone Road, Tallahassee, FL 32399-2500, Attention: Agency Clerk.

9. Plaintiff is warned that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf. If Plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment. Furthermore, if Plaintiff is transferred to another jail or correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this order for this purpose. Finally, Plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

10. Plaintiff's Motion to Supplement Motion for Appointment of Counsel (Doc. 1, attach. 10) is **GRANTED**.

11. Plaintiff's Motion for Appointment of Counsel (Doc. 1, attach. 8) is **DENIED** without prejudice.

12. Defendant's Motion for Extension (Doc. 1, attach. 9) is **DENIED** as moot, as the order directing Defendant to respond has been vacated.

**DONE AND ORDERED** this 11th day of January 2007.

                                                      /s/ *Elizabeth M. Timothy*
                                                      **ELIZABETH M. TIMOTHY**
                                                      **UNITED STATES MAGISTRATE JUDGE**